UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BRIAN PATTERSON,                    )
                                    )
           Petitioner,              )
                                    )
     v.                             )   Civil Action No. 07-0669 (PLF)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )
_____)

MEMORANDUM OPINION

Petitioner, a District of Columbia prisoner currently confined at St. Elizabeths Hospital, seeks *habeas corpus* relief from this Court. He asserts that his rights were violated during the course of his prosecution in the Superior Court of the District of Columbia. Upon consideration of the petition, the Court will deny the petition for lack of jurisdiction.

Collateral challenges to convictions entered and sentences imposed by the District of Columbia Superior Court must be brought under D.C. Code § 23-110. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (D.C. Code Section 23-110 is the exclusive remedy for such challenges). Under that statute, an "application for a writ of habeas corpus in [*sic*] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g) (emphasis added). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District

of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). That is because Superior Court judges are federal Article I judges appointed by the President of the United States for fixed terms and confirmed by the Senate. See generally Palmore v. United States, 411 U.S. 389, 392, 407-10 (1973).

Furthermore, "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992). As the court of appeals said in Garris v. Lindsay:

> In determining whether the local remedy is "inadequate or ineffective," we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S.372, 382-83 (1977)) (footnotes omitted).

Petitioner has not shown that his remedy by motion under Section 23-110 is inadequate or ineffective to test the legality of his detention. The Court therefore concludes that

this action must be dismissed for lack of jurisdiction. An appropriate Order accompanies this

Memorandum Opinion.

                                                              _____/s/_____
                                                              PAUL L. FRIEDMAN
                                                              United States District Judge

DATE: June 18, 2007

Copies to:

Brian Patterson
Saint Elizabeths Pavilion
Ward 9
2700 Martin Luther King, Jr. Avenue SE
Washington, DC 20032

<u>Petitioner</u>

United States Attorney's Office
Special Proceedings Section
555 4th Street N.W.
Washington, D.C. 20001

<u>Counsel for Respondents</u>